UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA BONNIE SCRIPNICENCU,<br><br>              Plaintiff,<br><br>v.<br><br>LSF9 MASTER PARTICIPATION TRUST, SETERUS, INC., MR. COOPER, SHELLPOINT MORTGAGE SERVICING, CALIBER HOME LOANS and MR. ROBERT J. BIRCH ESQUIRE,<br><br>              Defendants. | Civil Action No. 2:19-cv-05280-GAM<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I.   INTRODUCTION

In her third complaint filed in this action, Plaintiff has asserted several causes of action against several Defendants—all of whom were at some point "allegedly" involved in the servicing of her mortgage, as well as eventual foreclosure proceedings—in a "throw it against the wall and see if anything sticks" approach.  Despite amending her complaint *twice,* Plaintiff still fails to adequately plead any viable causes of action against Caliber Home Loans ("Caliber"), LSF9 Master Participation Trust ("LSF9"), Nationstar Mortgage LLC d/b/a Mr. Cooper, successor by merger to Seterus, Inc., improperly named as "Seterus, Inc." ("Mr. Cooper"), or Nationstar Mortgage LLC d/b/a Mr. Cooper (also "Mr. Cooper.")[1]  As in the two prior Complaints, this amended pleading is nothing more than an attempt by Plaintiff to: (i) challenge her attorney's handling of a state court foreclosure; (ii) have this Court review the determinations relative to the

---

[1] In her Second Amended Complaint, Plaintiff has added Nationstar Mortgage LLC d/b/a Mr. Cooper as a party to her lawsuit.

foreclosure made by the Pennsylvania Superior Court and the Bucks County Court of Common Pleas; and (iii) modify the terms of a loan modification Plaintiff voluntarily entered in order to halt the sale of the mortgaged property.  As set forth below, Defendants LSF9, Caliber, and Mr. Cooper respectfully request that this Court dismiss the Second Amended Complaint against them with prejudice.  These responding Defendants also respectfully request that this Honorable Court dismiss this action without leave to amend as Plaintiff has repeatedly failed to cure deficiencies in her pleadings despite the Defendants' filing of two prior Motions to Dismiss, which spelled out, in no uncertain terms, the deficiencies of her prior complaints.

Further, this is yet another case filed by Plaintiff's counsel, who is notorious for filing frivolous suits in the Third Circuit seeking to improperly challenge state court foreclosure decisions.[2]  This case is no different and must be dismissed with prejudice.[3]

---

[2] While the foreclosure docket is not attached to the Second Amended Complaint, this Court can review matters of public record for purposes of evaluation a motion to dismiss.  *See Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint [and] matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case").  *See* Foreclosure Docket, *Federal National Mortgage Association v. Linda Scripnicencu,* 2014-04415 (Bucks Cnty. Ct. Com. Pl. as of July 2, 2020) **attached as Exhibit A.**

In the underlying foreclosure case, the trial court granted Federal National Mortgage Association's motion for summary judgment.  Plaintiff appealed that decision, and the foreclosure judgment was affirmed by the Pennsylvania Superior Court.  Order Granting Summary Judgment, *Federal National Mortgage Association v. Linda Scripnicencu,* 2014-04415 (Bucks Cnty. Ct. Com. Pl. August 19, 2016) **attached as Exhibit B**; Opinion Affirming Summary Judgment, *Federal National Mortgage Association v. Linda Scripnicencu,* 3039 EDA 2016 (Superior Court of Pennsylvania, August 8, 2017) **attached as Exhibit C**.

[3] Plaintiff's counsel Joshua Thomas been sanctioned by various courts within the Third Circuit, as described below.  He is well-known for filing complaints in federal courts that attack state court foreclosures—such as this case—and has been cautioned against doing so in various district courts, as described below.  While Defendants have not raised the *Rooker Feldman* Doctrine in this Motion because the foreclosure judgment was ultimately vacated after Plaintiff entered into a loan modification, Defendants believe the Second Amended Complaint is still an improper attempt to challenge the trial court and Superior Court's determination that the foreclosure judgment was valid.

- On September 24, 2019, United States District Court Judge Robert B. Kugler of the United States District Court for the District of New Jersey enjoined attorney Joshua Thomas from "filing any further complaint, lawsuit, or petition which pertains to or references any prior foreclosure action, in the United States Court for the District of New Jersey without prior authorization of the Court" due to his continued filing of "suits in this District and in the Eastern District of Pennsylvania that have been dismissed for lack of subject-matter

jurisdiction under the *Rooker-Feldman* doctrine and/or preclusion under the New Jersey entire controversy doctrine, as in the present action." *Hood v. Victoria Crossing Townhouse Ass'n*, 1:18-cv-12259-RBK-KMW, ECF No. 35; ECF No. 22, 2019 WL 3336132, at *9.

- On March 27, 2020, United States District Judge Joshua D. Wolson of the United States District Court for the Eastern District of Pennsylvania entered an order formally sanctioning attorney Joshua Thomas for ignoring the Court's Orders as follows: (1) monetary sanctions of $1,600.00; (2) requiring attorney Thomas to provide a transcript of the motion for sanctions hearing to the disciplinary committee of every state bar and federal court in which he is licensed and/or admitted to practice; (3) requiring attorney Thomas to provide a copy of the Court's accompanying opinion, order, and transcript to all of his clients in this matter; and (4) formal reprimand for his failure to comply with the Court's expectations for professionalism. *Jacovetti Law P.C. et al. v. Shelton et. al*, No. 2:20-cv-00163-JDW, ECF Nos. 28, 29.

- On January 29, 2020, United States District Judge Noel L. Hilman of the United States District Court of New Jersey entered a Rule to Show cause why attorney Thomas should not be referred to the Chief Judge for consideration as to whether disciplinary proceedings should commence after the plaintiff—whom attorney Thomas purportedly represented—directly contacted the Court and indicated the complaint was filed without his knowledge or consent. The hearing is scheduled for June 10, 2020. *Edwards et al. v. Wells Fargo Bank, N.A. et. al*, No. 1:19-cv-14409-NLH-KMW, ECF Nos. 6, 7, 13.

- Recently, United States District Judge John E. Jones III of the United States District Court for the Middle District of Pennsylvania dismissed an almost identical complaint with prejudice that Mr. Thomas filed against Caliber and LSF9, noting that Mr. Thomas's "continued use of such poorly prepared filings and disregard for lack of subject matter jurisdiction and other court Rules may result in an Order to Show Cause why discipline should not be imposed and as to why he should not be enjoined from further filings in this Court as well. We are deeply troubled that Plaintiffs' counsel would so recklessly and cavalierly accuse various Defendants of fraud and misrepresentation in such a conclusory and unsubstantial manner." *Meyers v. Caliber Home Loans, Seterus, Inc.*, No. 1:19-CV-596, 2019 WL 4393377, at *10, fn. 26 (M.D. Pa. Sept. 13, 2019). **Indeed, Plaintiff appears to have simply pasted many of the Counts pled in the *Meyers* case into the Second Amended Complaint as they are virtually identical. Compare Counts 4 (unjust enrichment) 6 (titled emotion distress pursuant to the Fair Debt Collection Practices Act which appears to set forth a RESPA claim) 8 (pleading a claim for respondeat superior) of the instant Complaint with the *Meyers* Complaint, attached as Exhibit D (without exhibits), at Counts 4 (unjust enrichment), 7 (violation of RESPA) 3 (respondeat superior) (No. 1:19-CV-596, ECF No. 1).**

- Various courts within the Third Circuit have dismissed actions filed by attorney Thomas as barred under the *Rooker-Feldman* doctrine or similar state court doctrines. *See e.g. Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312 (3d Cir. 2018) (dismissing previously litigated claims involving a foreclosure under the New Jersey entire controversy doctrine); *Alston v. Bank of America, N.A.*, No. 18-13702, 2019 WL 1650086 (D.N.J. Apr. 17, 2019) (dismissing all federal claims in the case because they were barred by the *Rooker-Feldman* doctrine or, in the alternative, the New Jersey entire controversy doctrine); *Hua v. Wells Fargo Bank, N.A*, No. 17-2365, 2017 WL 5624878 (E.D. Pa. Nov. 22, 2017) (dismissing some of the plaintiff's claims under the *Rooker-Feldman* doctrine); *Hua v. Lehman XS Trust Mortg. Pass-Through Certificates, Series 2007-7N, No. 17-1457*, 2017 WL 4240911 (E.D. Pa. Nov. 14, 2017) (dismissing some claims under the *Rooker-Feldman* doctrine); *Campbell v. Tabas*, No. 16-6513, 2017 WL 3142118 (E.D. Pa. July 25, 2017*) (*dismissing under *Rooker-Feldman* doctrine*); Akinsanmi v. Nationstar Mortg.*, No. 16-7732, 2017 WL 2951428 (D.N.J. July 10, 2017) (dismissing claims under *Rooker-Feldman* doctrine).

## II.    PROCEDURAL HISTORY

Prior to commencing this action, Plaintiff previously filed the very same complaint in this Court on February 14, 2019.  (*See* ECF No. 1 at Docket No. 2:19-cv-00647-MAK.)  United States District Court Judge Mark Kearney dismissed that action without prejudice on March 29, 2019, for failure to prosecute.  (*See* ECF No. 4 at Docket No. 2:19-cv-00647-MAK.)  On November 8, 2019, Plaintiff initiated this action by filing the Complaint.  (ECF No. 1.)  On March 17, 2020, Plaintiff filed a waiver of service executed by Defendants Caliber, LSF9, and Mr. Cooper, making a response to the Complaint due on or before May 18, 2020.  (ECF No. 4.)

On April 16, 2020, LSF9, Caliber, and Mr. Cooper filed a Motion to Dismiss as well as a supporting Brief.  (ECF No. 5.)  On April 30, 2020, Plaintiff filed a Motion for Leave to file an Amended Complaint, which was granted by the Court.  (ECF No. 10.)  On May 7, 2020, Plaintiff filed an Amended Complaint.  (ECF No. 11.)  Accordingly, the Court dismissed the answering Defendants' pending Motion to Dismiss as moot.  (ECF No. 12.)

On May 18, 2020, Defendants Caliber, LSF9, and Mr. Cooper filed another Motion to Dismiss with a supporting Brief.  (ECF No. 13.)  Plaintiff did not file a timely response to the Motion to Dismiss.  Instead, on June 15, 2020—***two weeks after Plaintiff's response to the pending Motion to Dismiss was due***—Plaintiff filed a Motion for Extension, requesting until June 22, 2020 to file another amended complaint.  (ECF No. 14.)[4]  On that same day, the Court granted Plaintiff's request.  (ECF No. 15.)  On June 22, 2020, Plaintiff filed the instant Second Amended

---

[4] Local Rule 7.1(c) provides: "Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion.  Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief."

Complaint.  (ECF No. 16.)  Thereafter, on June 30, 2020, the Court entered an Order denying Defendants' pending Motion to Dismiss as moot.  (ECF No. 18.)[5]

## III.    FACTUAL ALLEGATIONS IN THE SECOND AMENDED COMPLAINT[6]

As in the two prior complaints, the bulk of the factual allegations pled in the Second Amended Complaint relate to the allegedly deficient legal representation provided by Plaintiff's attorney, Robert Birch, Esquire during the underlying state court foreclosure.  In this Second Amended Complaint, Plaintiff has added scant factual allegations against Caliber with respect to a purported loan modification, which still fail to support any of the causes of action pled.  Despite amending her complaint yet again in response to Defendants' Motion to Dismiss, Plaintiff still fails to make any factual allegations regarding any specific actions taken by LSF9 to support any of the causes of action pled.[7]

For purposes of this Motion to Dismiss, Caliber, LSF9, and Mr. Cooper recite the allegations as pled below:

At some unidentified time, Plaintiff "attempted to reach out" to "Suntrust"—which is not a defendant in this action— to obtain assistance with her mortgage.[8]  (ECF 16, ¶ 2.)  Suntrust was unable to assist Plaintiff, and subsequently transferred its interest in the mortgage to some unknown entity on or about November 1, 2013.  (ECF 16, ¶¶ 3-6.)

---

[5] The Court's June 30, 2020, Order also stated that Defendants could incorporate their earlier Motion to Dismiss in any subsequently filed Motions to Dismiss.  However, Defendants had already drafted this pleading.

[6] Caliber, LSF9, and Mr. Cooper set forth the allegations as pled in the Second Amended Complaint.  In summarizing the factual allegations, these Defendants do not admit that any of the allegations are true.

[7] Contrary to the allegations in Paragraph 63, Defendants have ***never*** "admitted" that LSF9 was responsible for any of the alleged acts pled in any of Plaintiff's three complaints.  To the contrary, in each Motion to Dismiss filed, these Defendants have specifically stated "In summarizing the factual allegations, these Defendants do not admit that any of the allegations are true."  *See* ECF No. 5, fn 3; ECF No. 13, fn. 3.

[8] The Second Amended Complaint does not plead any factual allegations regarding the mortgage such as Plaintiff's interest in the mortgage, any real property related to the purported mortgage, or Suntrust's interest in the mortgage.

During one unidentified afternoon, Plaintiff received a number of missed calls from Mr. Cooper.  (ECF 16, ¶¶ 8-9.)  Plaintiff returned the calls, and was told by a representative of Mr. Cooper that because her name was not on the mortgage, Mr. Cooper could not disclose any account information regarding the mortgage.  (ECF 16, ¶¶ 10-11.)  Plaintiff's husband returned Mr. Cooper's telephone call, and was advised that a "miscalculation" was made regarding their monthly mortgage payments, and that Plaintiff and her husband were "supposed to be paying $2,900 per month."  (ECF 16, ¶¶ 15-16.)  At a later date, Mr. Cooper agreed to accept mortgage payments from Plaintiff and her husband in the amount of $1,600.00 per month.  (ECF 16, ¶ 19.)

Plaintiff's husband passed away sometime thereafter, and on the date of his death, Plaintiff received a telephone call from Mr. Cooper and she advised them of his death.  (ECF 16, ¶¶ 20-23.)  Five days later, representatives of Mr. Cooper called Plaintiff to ask whether she intended to remain in her home, and Plaintiff was unable to provide an answer.  (ECF 16, ¶¶ 24, 28.)  Plaintiff did not trust Mr. Cooper to "receive payments," so she hired attorney Robert Birch on May 18, 2014.  (ECF 16, ¶¶ 29-31.)

Plaintiff reviewed property records for her home at the Bucks County Courthouse, which revealed she was a party to the mortgage.  (ECF 16, ¶¶ 32-35.)  Afterwards, attorney Robert Birch advised Plaintiff not to communicate with Mr. Cooper or make any payments until a payment agreement was reached.  (ECF 16, ¶ 35.)

Two years later,[9] Plaintiff received a letter from the Court of Common Pleas of Bucks County stating that summary judgment had been entered against her in a mortgage foreclosure

---

[9]Like the prior two complaints, the Second Amended Complaint is almost totally devoid of any specific dates and as a result, LSF9, Caliber, and Mr. Cooper are unable to determine when the events alleged in the Second Amended Complaint allegedly occurred.

action.[10]   (ECF 16, ¶¶ 38-39.)  Plaintiff contacted her attorney Robert Birch regarding the letter, and was advised his office had relocated, he had not received the letter, and the foreclosure judgment was Plaintiff's fault for her failure to pay her mortgage.  (ECF 16, ¶¶ 40-46.)

Afterwards, Plaintiff obtained new counsel, and in order to prevent the sale of her home, she filed for bankruptcy, and entered into a loan modification with Caliber, causing her monthly mortgage payment and her principal balance to increase.[11]   (ECF 16, ¶¶ 52-56.)   The loan modification also allegedly extended her original mortgage to April 1, 2058, and the loan modification added a substantial amount of principal to the mortgage.  (ECF 16, ¶¶ 54, 55.) According to the Second Amended Complaint, Plaintiff was "essentially" under duress when she entered into the loan modification.  (ECF 16, ¶ 57.)

On September 3, 2019, Plaintiff spoke with "Richard" at Caliber who advised her that the escrow account was deficient by $29,000.00 and that as a result, her mortgage payment would be increased.  (ECF 16, ¶¶ 67-68.)  From October 1, 2019, through January 2020, Plaintiff's monthly payment increased to $1,875.89, and in February 2020, it decreased to $1,606.00.  (ECF 16, ¶¶ 74-75.)

Shellpoint Mortgage Servicing allegedly became the servicer of the mortgage on November 1, 2019, yet Caliber continued to accept Plaintiff's mortgage payments.  (ECF 16, ¶ 76.) According to the Complaint, neither Shellpoint nor Caliber have explained the basis for the escrow deficiency or why Plaintiff's payments decreased in February 2020.  (ECF 16, ¶ 77.)

---

[10] See **Exhibit A**, which reflects the foreclosure action was filed on June 25, 2014. The Second Amended Complaint does not plead any facts setting forth that a mortgage foreclosure action was filed.

[11] The Second Amended Complaint—like the original Complaint and the Amended Complain—states the loan modification referenced was attached as Exhibit B.  Yet, despite being provided with leave to amend, no exhibits are attached to the Second Amended Complaint.

The only factual allegation in the Second Amended Complaint with respect to LFS9 summarily states that "but for the actions of all Defendants" the additional principal balance would not have been added to the loan modification, and that the maturity of the loan modification would not have been extended for forty years.  (ECF 16, ¶ 60.)

The Second Amended Complaint also concludes, without any factual support, that "defendant admitted LSF9" was responsible for "egregious acts" and as a result "is responsible for the actions of its servicers."  (ECF 16, ¶ 63.)

## IV.    STATEMENT OF QUESTIONS INVOLVED

1. **Has Plaintiff pled a legally cognizable claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201 *et seq* ("UTPCPL") against LSF9, Caliber, or Mr. Cooper?**

   *Suggested Answer: No.*

2. **Has Plaintiff pled a legally cognizable claim for breach of contract against LSF9, Caliber, or Mr. Cooper?**

   *Suggested Answer: No.*

3. **Has Plaintiff pled a legally cognizable claim for unjust enrichment against LSF9, Caliber, or Mr. Cooper?**

   *Suggested Answer: No.*

4. **Has Plaintiff pled a legally cognizable claim of negligence against LSF9, Caliber, or Mr. Cooper?**

   *Suggested Answer: No.*

5. **Has Plaintiff pled a legally cognizable claim under the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 *et seq.* ("RESPA") against LSF9, Caliber, or Mr. Cooper?**

   *Suggested Answer: No.*

6. **Has Plaintiff pled a legally cognizable claim of "Unlawful Foreclosure/Abuse of Process" against LSF9, Caliber, or Mr. Cooper?**

   *Suggested Answer: No.*

6. **Has Plaintiff pled a legally cognizable claim of "respondeat superior" against LSF9, Caliber, or Mr. Cooper?**

*Suggested Answer: No.*

7. **Has Plaintiff pled sufficient facts that would support a claim for punitive damages against LSF9, Caliber, or Mr. Cooper?**

*Suggested Answer: No.*

8. **Should this Court strike Section III from the Second Amended Complaint for failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure?**

*Suggested Answer: Yes.*

## V.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief may be granted.  In deciding a 12(b)(6) motion, the Court must accept the well-pleaded factual allegations as true and "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes Barre, et. al.*, 700 F.3d 675, 679 (3d. Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* supra at 570.))  Thus, a complaint is properly dismissed under Rule 12(b)(6) where the facts alleged fail to "raise a right to relief above the speculative level." *Twombly*, at 555.

## VI.   ARGUMENT

A.   **The Second Amended Complaint must be dismissed as a matter of law with respect to Caliber, LSF9, and Mr. Cooper because it is insufficiently pled.**

   i.   ***Plaintiff's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201 et seq. ("UTPCPL") is insufficient and must be dismissed.***

The UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201−3. "The statute creates a private

right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who as a result, sustain an ascertainable loss." *Toy v. Metropolitan Life Ins. Co.,* 928 A.2d 186, 190 n. 4 (Pa. 2007). To state a plausible claim under the UTPCPL, the complaint must allege: "1) a deceptive act, 2) justifiable reliance, 3) causation, and 4) damages." *Danganan v. Guardian Prot. Servs.,* No. CV 15-1495, 2019 WL 2464770, at *4 (W.D. Pa. June 13, 2019). The loss must occur "as a result of unlawful conduct under the UTPCPL." *Seldon v. Home Loan Services, Inc.*, 647 F.Supp.2d 451, 465 (E.D. Pa. 2009). A plaintiff is required to demonstrate justifiable reliance on the unlawful conduct, not simply that the unlawful conduct caused his injuries. *See Id.* (citing *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008)). A plaintiff must "show that he justifiably ... engaged in ... detrimental activity [ ] because of the misrepresentation." *Hunt*, 538 F.3d at 222 n.4. It is not enough for a plaintiff to merely allege "that the wrongful conduct caused the plaintiff's injuries." *Seldon*, 647 F.2d at 465. In pleading justifiable reliance, a complaint must allege that knowledge of the deceptive conduct "would have changed [Plaintiff's] conduct." *Hunt v. U.S. Tobacco Co.,* 538 F.3d 217, 227 (3d Cir. 2008). Plaintiff has failed to plead these required elements.

Despite amending her pleading twice, the Second Amended Complaint still fails to specifically plead what Caliber, LSF9, or Mr. Cooper did—or did not do—that violated the UTPCPL. Indeed, Plaintiff admits that she deliberately stopped paying her mortgage because she "did not feel that she could trust [Seterus]" and upon the advice of her prior counsel, resulting in a foreclosure action being filed, and that she voluntarily entered into a loan modification to avoid having her home sold at a sheriff's sale (ECF 16, ¶¶ 29, 35, 52.). Plaintiff has not remotely alleged how she was deceived in any way by the conduct of Caliber, LSF9, or Mr. Cooper. Moreover, contrary to Plaintiff's conclusion that she has pled "fraud and deceptive conduct," the Second

Amended Complaint fails to plead any allegations of fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  Put simply, Plaintiff fails to plead any deceptive or fraudulent act by Caliber, LSF9, or Mr. Cooper.  Indeed, the Second Amended Complaint does not plead a single factual allegation against LSF9.

In her Second Amended Complaint, Plaintiff now asserts that sometime prior to May 2014 Mr. Cooper failed to provide her with her account information, and then subsequently advised her husband that their mortgage payment was miscalculated, but that it would continue to accept a payment *lower than the amount they had previously been paying.*  (ECF 16, ¶¶ 17-19.)  Plaintiff also asserts that Caliber advised her that her escrow was deficient, and as a result, her payments needed to be increased.  (ECF 16, ¶¶ 67-75.) In this latest amended pleading, Plaintiff now claims the loan modification added additional principal to her loan balance, and that there is "no basis for this."  (ECF 16, ¶¶ 55-59.)  Plaintiff has not pled that any of the alleged representations made by the Defendants were erroneous or otherwise incorrect, let alone deceptive or fraudulent.

And likewise, Plaintiff fails to plead any justifiable reliance on any purported deceptive act or how such reliance caused any purported damages.  Instead, Plaintiff now claims "Defendants" violated the UTPCPL by failing to provide "superior services and conduct," yet there are no factual allegations that Defendants ever made any such representations that they would provide her with "superior services and conduct."  In this third pleading, Plaintiff, for the first time, alleges she has sustained damages in the amount of $166,021.81 by entering into the Loan Modification, yet, as she admits in her pleading, any alleged damages were the result of her failure to pay her mortgage, her attorney's actions or inactions, and her decision to enter into the loan modification, knowing its complete terms.  Put simply, Plaintiff has failed to plead the required elements for a purported UTPCPL claim.

Further, the Second Amended Complaint—like the two other pleadings before it—claims to attach the Loan Modification as Exhibit B, yet no exhibits are attached. For purposes of this Motion to Dismiss, because Plaintiff's claims are based upon the terms of the Loan Modification, it is attached hereto as **Exhibit E**.[12] Contrary to Plaintiff's claims, the Loan Modification explicitly states that $65,380.99 has been capitalized into the principal balance due under the promissory note. *Id.* at p. 2. The Loan Modification also provides that the escrow payment "may change from time to time if escrow items (taxes and insurance) increase or decrease." *Id.* Plaintiff executed the Loan Modification on March 17, 2018. *Id.* at p. 5. To the extent her UTPCPL claim is based upon the Loan Modification, it clearly stated her principal balance would increase, which she acknowledged by executing the agreement. *See* **Exhibit E**, p. 5.

For these reasons, the UTPCPL claim against Caliber, LSF9, and Mr. Cooper should be dismissed with prejudice.

ii.     ***Plaintiff has not set forth an adequate breach of contract action against Caliber, LSF9, or Mr. Cooper.***

To establish a breach of contract claim under Pennsylvania law, "a plaintiff must allege (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Chemtech Intern., Inc. v. Chemical Injection Techs., Inc.,* 247 F. App'x. 403, 405 (3d. Cir. 2007) (citations omitted). To satisfy the damages element of a breach of contract action, the complaint must allege that the alleged injuries resulted from the

---

[12] As the Third Circuit has held "in ruling on the motion, a court may consider only the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010). "In considering external yet undisputedly relevant and authentic documents, the court need not convert the motion to dismiss into a motion for summary judgment." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997).

breach.  *D&M Sales, Inc. v. Lorillard Tobacco Co.*, 2010 WL 786550 at *3 (E.D. Pa. Mar. 8, 2010).

The Second Amended Complaint lacks any factual allegations that would show LSF9, Caliber, or Mr. Cooper were parties to a contract with Plaintiff.  Indeed, despite being provided with leave to amend, the Second Amended Complaint does not attach any contract between Plaintiff and Caliber, LSF9, and/or Mr. Cooper.  Further, the Second Amended Complaint fails to identify the parties to the purported loan modification or its essential terms.  Instead, the Second Amended Complaint merely concludes that "Defendants" breached the contractual terms of the "loan/note" by engaging in undefined "deceptive and fraudulent practices."  (ECF 16, ¶ 10.)  As pled by responding Defendants, Plaintiff did enter into the Loan Modification with Caliber.  *See* **Exhibit E.**  Plaintiff has failed to set forth any allegations that would show Caliber breached any terms of the Loan Modification.  Indeed, while the Second Amended Complaint asserts that the loan modification was "seeming[ly]" breached by Caliber's failure to provide Plaintiff with information concerning her escrow deficiency or alleged fluctuations in her mortgage payments, she fails to plead any terms of the alleged loan modification that would establish Caliber's conduct breached the terms of the Loan Modification.  (ECF 16, ¶¶ 77-78.)

Despite being provided leave to amend, the Second Amended Complaint does not specifically allege any facts that would establish Caliber, LSF9, or Mr. Cooper were parties to the loan or note.  Moreover, the Second Amended Complaint fails to aver how specifically Caliber, LSF9, or Mr. Cooper allegedly breached any alleged contract.  Simply put, Plaintiff has failed to plead sufficient facts to establish the elements needed to support a breach of contract claim.

Further, the Second Amended Complaint—like the two other pleadings before it—claims to attach the Loan Modification as Exhibit B, yet no exhibits are attached.  For purposes of this

Motion to Dismiss, because Plaintiff's claims are based upon the terms of the Loan Modification, it is attached hereto as **Exhibit E**.  Contrary to Plaintiff's claims, the Loan Modification explicitly states that $65,380.99 has been capitalized into the principal balance due under the promissory note.  *Id.* at p. 2.  The Loan Modification also provides that the escrow payment "may change from time to time if escrow items (taxes and insurance) increase or decrease."  *Id.*  Plaintiff executed the Loan Modification on March 17, 2018.  *Id.* at p. 5.  To the extent her breach of contract claim is based upon the Loan Modification, she failed to plead sufficient allegations showing that Caliber breached this agreement.  Further, to the extent the Second Amended Complaint claims Mr. Cooper or LSF9 are liable for breach of the Loan Modification, review of the Loan Modification clearly shows neither Mr. Cooper nor LSF9 are parties to this contract.  *See* **Exhibit E**.

Because the Second Amended Complaint fails to state a cause of action for breach of contract against Caliber, LSF9, or Mr. Cooper, Count Two must be dismissed against these Defendants as a matter of law.

### iii. *The Second Amended Complaint fails to plead a cognizable unjust enrichment claim, and accordingly, Count Four should be dismissed as a matter of law.*

Despite amending her complaint, Plaintiff's claim for unjust enrichment in the Second Amended Complaint is still deficient.  Plaintiff asserts that "Defendants" made "numerous" misrepresentations, causing Defendants to become "unjustly enriched at the expense of Plaintiff." (ECF 16, ¶ 13.)  The Second Amended Complaint also alleges that "Defendants are attempting to receive a benefit through the sale of Plaintiff's home." (ECF 16, ¶ 15.)  Yet, the Second Amended Complaint admits that Plaintiff stopped paying her mortgage and then subsequently entered into a loan modification to avoid the sale of her home.  (ECF 16, ¶¶ 52-57.)  As pled, there are no facts pled that would establish LSF9, Caliber, or Mr. Cooper received any inequitable benefit from Plaintiff.

To set forth a plausible claim for unjust enrichment, a complaint must plead facts to establish the following elements:

> (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.

*Mitchell v. Moore,* 729 A.2d 1200, 1203–04 (Pa. Super. 1999). As the Court in *Mitchell* explained, "In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." *Id.*

There are no allegations that Plaintiff conferred any benefit on Caliber, LSF9, and Mr. Cooper. There are no allegations that would show Caliber, LSF9, or Mr. Cooper received any benefit from Plaintiff. At most, Plaintiff pleads that "Defendants are *attempting* to receive a benefit through the sale of Plaintiff's home." (ECF 16, ¶ 15) (emphasis added). Yet, as pled earlier in the Second Amended Complaint, the foreclosure was dismissed following Plaintiff's voluntary execution of a loan modification. (ECF 16, ¶¶ 52-62.) Despite amending the Complaint twice, Plaintiff still fails to assert any facts that would establish Caliber, LSF9, or Mr. Cooper received any benefit whatsoever from Plaintiff, let alone a benefit that would be inequitable for them to retain. Indeed, there is nothing inequitable about Caliber foregoing their contractual right to foreclosure on Plaintiff's home and Caliber agreeing to a loan modification, which disclosed the full terms and was executed by Plaintiff with the advice of her counsel. (ECF 16, ¶ 52.) Accordingly, Count Four should be dismissed as a matter of law for Plaintiff's failure to state a cause of action for unjust enrichment.

> **a.    In the alternative, should the Court find Plaintiff has pled a cognizable breach of contract claim, Count Four must be dismissed due to the existence of a contract.**

Should this Court find that Plaintiff has pled a viable breach of contract action, as alleged in Count Four, which Mr. Cooper, Caliber, and LSF9 deny, Plaintiff's unjust enrichment claim must fail as a matter of law.  As the Pennsylvania Supreme Court has explained, "[T]he doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (citations and quotation marks omitted).  "[P]leading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy." *Grudkowski v. Foremost Ins. Co.,* 556 Fed. Appx. 165, 170 n.8 (3d Cir. Pa. 2014) (citations omitted).  Likewise, "[w]here an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract; and where the contract 'fixes the value of the services involved,' there can be no recovery under a quantum meruit theory." *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. Pa. 1987) (citation omitted).

As the Loan Modification is a written contract, the unjust enrichment claim against Caliber must be dismissed.  *See* **Exhibit E.**  *Cook v. General Nutrition Corp.,* 749 Fed. App'x. 126, 129 (3d Cir. 2018) (*quoting Benefit Tr. Life Ins. Co. v. Union Nat. Bank of Pittsburgh,* 776 F.2d 1174, 1177 (3d Cir. 1985)).   ("Unjust enrichment, an equitable, quasi-contractual doctrine, is 'inapplicable when the relationship between the parties is founded on a written agreement or express contract.'")

With respect to Mr. Cooper and LSF9, Plaintiff has failed to plead the existence of a contract between Plaintiff and these defendants. However, to the extent this Court finds otherwise, Plaintiff's unjust enrichment claim is barred as a matter of law.

### iv.      *Plaintiff's negligence action is barred by the statute of limitations.*

Borrower claims that "Defendants failed to conform to the required standard of conduct owed to Plaintiff[.]")(ECF 16, ⁋ 16.)  Because the Second Amended Complaint is deficiently pled, it is unclear what alleged actions or omissions by responding Defendants support Plaintiff's negligence claim.  However, it is clear from the pleading that Mr. Cooper's last involvement with the Mortgage and/or Plaintiff occurred in 2014 when its representatives allegedly spoke with Plaintiff.  (ECF 16, ⁋⁋ 8-31.)

In Pennsylvania, negligence actions are controlled by the two year statute of limitations set forth in 42 Pa.C.S.A. § 5524(2). As the Pennsylvania Superior Court has explained:

> [L]ack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period.

*Cappelli v. York Operating Co.*, 711 A.2d 481, 484–85 (Pa. Super. 1998) (*en banc*).  Here, Plaintiff claims Mr. Cooper's negligent actions or inactions occurred prior to 2014.  Thus, as of 2014, the statute of limitations for any alleged negligence action had begun to accrue.  Borrower's claim for negligence in this action was first asserted in the Second Amended Complaint, which was filed on June 22, 2020.  (*See generally* ECF 16.)

Because Borrower failed to initiate this action in two years, i.e. by 2016, the negligence action is barred by the statute of limitations.  Accordingly, Count Five must be dismissed with prejudice.

>    **v.      In the alternative to Section A, iv, Plaintiff's negligence claim is insufficient and must be dismissed as a matter of law.**

Plaintiff's claim for negligence against LSF9, Mr. Cooper, and Caliber is premised on her assertion that each entity "fail[ed] to properly handle the modification and improper Foreclosure action as well as the overcharges and subsequent issues raised previously." (ECF 16, ¶ 17.) Yet, as described below, Plaintiff has failed to plead that Mr. Cooper, LSF9, or Caliber engaged in any negligent conduct.

In a negligence-based action, the plaintiff must establish the duty owed by the defendant. *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1168 (Pa. 2000). There can be no negligence where there is no duty of care. *Roche v. Ugly Duckling Car Sales, Inc*., 879 A.2d 785, 789 (Pa. Super. 2005). A duty consists of one party's obligation to conform to a particular standard of care for the protection of another. *Atcovitz v. Gulph Mills Tennis Club*, 812 A.2d 1218, 1222 (Pa. 2002). This threshold issue of whether a duty exists is a question of law for the Court. *Shamnoski v. PG Energy, Div. of Southern Union Co*., 858 A.2d 589, 603 (Pa. 2004). Duty is predicated upon the relationship existing between the parties at the relevant time. *Zanine v. Gallagher*, 497 A.2d 1332, 1334 (Pa. 1985).

Here, the Second Amended Complaint fails to set forth any facts that would establish the relationship—if any—Plaintiff had with LSF9, Caliber, or Mr. Cooper. Despite being provided with leave *twice* to file an amended pleading, the Second Amended Complaint still fails to plead sufficient facts to show that any of these Defendants owed Plaintiff any recognizable duty of care. Indeed, the Second Amended Complaint lacks *any* factual allegations against LSF9. With respect to the factual allegations pled against Mr. Cooper and Caliber, Plaintiff has not pled any facts that

would establish either Defendant was even involved in the foreclosure, or was a party to the purported loan modification.

Moreover, it is clear that the basis of Plaintiff's negligence claim is the loan modification between Caliber and Plaintiff.  (ECF 16, Count V, Negligence ¶¶ 14-17.)   Thus, Plaintiff's claim sounds in contract, not tort. As a result, this negligence action must be dismissed to the extent it is based upon the Loan Modification.  *See Reardon*, 926 A.2d at 487 (finding that the dismissal of a negligence action was proper under the gist of the action doctrine where the duty of care between the litigants resulted from contractual obligations—not societal duties.)

Because the Second Amended Complaint fails to plead a viable cause of action of negligence against Mr. Cooper, LSF9, and Caliber, Plaintiff's claim for negligence should be dismissed.

>   ### vi.    *Plaintiff has failed to state a claim for relief under the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 et seq. ("RESPA").*

Even though Plaintiff amended her Complaint twice, it is still unclear what cause of action Plaintiff is attempting to assert in Count Six.  Despite being titled "Emotional Distress Pursuant to the Fair Debt Collection Practices Act," it appears that Plaintiff is attempting to assert a claim under RESPA.  (ECF 16, Count Six).  "RESPA allows a plaintiff to recover two types of damages. First, the borrower may recover actual damages if he or she proves that (1) the loan servicer violated a particular RESPA requirement and (2) actual damages were sustained as a result of the failure."  *Bukowski v. Wells Fargo Bank, N.A.,* 757 F. App'x 124, 128 (3d Cir. 2018); 12 U.S.C. § 2605(f)(1)(A).

The Second Amended Complaint fails to allege what Mr. Cooper, Caliber, or LSF9 did— or failed to do—that would rise to the level of a RESPA violation.  Specifically, the Second Amended Complaint fails to plead what specific requirement of RESPA was allegedly violated.

Instead, she concludes that because a RESPA violation occurred, she is entitled to emotional damages. The Second Amended Complaint fails to plead any specific damages, and does not identify a causal link between the alleged RESPA violations and alleged damages. Rather, the Second Amended Complaint merely concludes that Plaintiff "has presented more than enough evidence for emotional damages caused by Defendants in this matter." (ECF 16, ¶ 8.) Yet, there are no factual allegations that Caliber, LSF9, or Mr. Cooper even serviced the loan and/or mortgage. Indeed, the loan and/or mortgage is not even identified in, let alone attached to, the Second Amended Complaint.

Put simply, Plaintiff has failed to plead any facts that support an alleged RESPA violation by Mr. Cooper, Caliber, or LSF9. She has also failed to plead any facts that would show Plaintiff sustained damages "as a result of" any purported RESPA violations. Accordingly, the RESPA claim against Mr. Cooper, Caliber, and LSF9 should be dismissed with prejudice.

> vii. **Count Seven must be dismissed against Mr. Cooper, Caliber, and LSF9 because the Third Circuit does not recognize "unlawful foreclosure" as a cause of action and Plaintiff has failed to plead a proper abuse of process claim.**

In Count Seven, the Second Amended Complaint sets forth a claim for "unlawful foreclosure." Yet, Plaintiff has not cited to any statute or case law that would support a cause of action for "unlawful foreclosure," and Defendants have not found any such independent cause of action cognizable under Third Circuit precedent or Pennsylvania law. Accordingly, because Plaintiff has not stated a cognizable cause of action, Plaintiff's claim for unlawful foreclosure must be dismissed.

With respect to the "abuse of process' claim, this tort is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. 1998) (quoting *Rosen v. American Bank of Rolla*, 627 A.2d 190,

192 (Pa. Super. 1993)).  To establish a claim for abuse of process, it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.  *Id.*  In support of such a claim, a plaintiff must show that the defendant engaged in "the improper use of process after it has been issued, that is, a perversion of it."  *McGee v. Feege,* 535 A.2d 1020, 1023 (Pa. 1987) (*citing Mayer v. Walter,* 64 Pa. 283 (1870)).  A legal process is considered "perverted" when a party has used legal process "primarily to accomplish a purpose for which [it] was not designed." *Dumont Television & Radio Corp. v. Franklin Electric Co. of Philadelphia*, 397 Pa. 274, 154 A.2d 585, 587 (Pa.1959).  In other words, it is "the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process."  *Birchall v. Countrywide Home Loans, Inc.,* No. CIV.A. 08-2447, 2009 WL 3822201, at *11 (E.D. Pa. Nov. 12, 2009) (internal citation omitted).

Plaintiff claims Defendants committed this tort by allegedly initially refusing to offer Plaintiff a loan modification prior to filing the foreclosure action.  (ECF No. 16, ⁋ 65.)  Yet, also in the Second Amended Complaint, Plaintiff admits her prior counsel "did not do any modification."  (ECF No. 16, ⁋ 47.)  Thus, she has not alleged any facts that should show any Defendant refused to offer her a loan modification.  Moreover, contrary to Plaintiff's claim, Plaintiff has not established that any of the Defendants had an obligation to offer her a loan modification, though Defendant Caliber ultimately agreed to do so in order for Plaintiff to remain in her home.

Even assuming the Second Amended Complaint pled sufficient facts showing these Defendants failed to offer a loan modification prior to filing a foreclosure action, these allegations cannot support an abuse of process claim.  Plaintiff does not allege Caliber, LSF9 or Mr. Cooper

filed and/or litigated the foreclosure for any purpose other than to foreclose upon the mortgage. *See Schwartz v. OneWest Bank, FSB*, 614 F. App'x 80, 83–84 (3d Cir. 2015) (dismissing abuse of process claim based upon assignee of mortgage litigating foreclosure action because "The purpose of the process was to foreclose on the property, an authorized goal of the procedure.").  Further, the foreclosure docket shows Mr. Cooper and Caliber were never parties to the foreclosure action, and that LSF9 was substituted as party-plaintiff after summary judgment had already been granted. *See* **Exhibit A**.

In *Abdul-Rahman v. Chase Home Fin. Co., LLC*, No. CIV.A. 13-5320, 2014 WL 3408564, at *5 (E.D. Pa. July 11, 2014), District Judge Restrepo dismissed an abuse of process claim in a similar scenario.  In *Abdul-Rahman,* the plaintiff-mortgagee pled an abuse of process claim based on allegations that the defendant mortgagor wrongfully filed a foreclosure action after failing to finalize a loan modification.  In dismissing the action, the Court reasoned that plaintiff could not "allege that a foreclosure suit itself was the wrong process once the [defendant] Mortgage Companies decided—correctly or not—that he was in default."  *Id.*

Because the Second Amended Complaint fails to plead a claim for abuse of process, Count Seven must be dismissed as a matter of law.

> ### viii.  *Count Eight must be dismissed as a matter of law because respondeat superior is not a standalone action.*

Because there is no recognized separate cause of action under *respondeat superior*, it must be dismissed as a matter of law.  *Booker v. National R.R. Passenger Corp.*, 880 F.Supp.2d 575, 586 (E.D. Pa. 2012) ("[T]here is no independent cause of action for respondeat superior under Pennsylvania law."); *Ford Motor Credit Co. LLC v. Maxwell*, No. 10–1926, 2012 WL 1677248, at *2 (M.D .Pa. May 14, 2012).

**a.     To the extent this Court construes Count Eight as a negligence action, it must be dismissed.**

To the extent Count Eight asserts a negligence claim against LSF9 based upon the conduct of Mr. Cooper or Caliber, the claim must also be dismissed.  As the Third Circuit has explained, "[l]iability based on respondeat superior arises solely on the basis of the existence of an employer-employee relationship[.]" *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir.2010) (internal citation omitted).  While Plaintiff summarily concluded that LSF9 "was the employer Caliber [Home Loans] and Mr. Cooper" there are no facts pled in the Second Amended Complaint that would establish LSF9 ever hired or employed Caliber or Mr. Cooper.  (ECF No. 16, ¶ 9.)  Indeed, there is not one single factual allegation in the Second Amended Complaint that would demonstrate LSF9 had *any* relationship with Caliber or Mr. Cooper.  Because Plaintiff failed to adequately plead the required employment relationship, Count Eight should be dismissed as matter of law to the extent it raises a vicarious liability claim premised on the alleged negligence of Mr. Cooper or Caliber.

Further, again, to the extent Plaintiff misconstrues any prior pleading in this case, the prior Motions to Dismiss filed in this case have never admitted to any employment relationship between LSF9, Caliber, or Mr. Cooper, and such representation in the Second Amended Complaint is patently false.  (ECF No. 16, ¶¶ 15-16.)

**ix.     The claim for punitive damages against Mr. Cooper, Caliber, and LSF9 should be dismissed as insufficient as a matter of law because the facts pled do not meet the legal standard warranting the award of such damages.**

Because the factual allegations in Plaintiff's latest pleading do not warrant the imposition of punitive damages against Mr. Cooper, Caliber, or LSF9, Plaintiff's demand for punitive damages should be dismissed from the Second Amended Complaint.

Punitive damages are purely penal in nature; they are not awarded as additional compensation or merely because a tort has been committed. *G.J.D. by G.J.D. v. Johnson*, 713 A.2d 1127, 1129 (Pa. 1998). Pennsylvania has adopted the Restatement (Second) of Torts § 908 for punitive damages. *Medvecz v. Choi*, 569 F.2d 1221, 1226 (3rd Cir. 1977); *Rizzo v. Haines*, 555 A.2d 58, 69 (Pa. 1989). Section 908(2) states that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." RESTATEMENT (SECOND) OF TORTS §908(2). Outrageous conduct has been defined by Pennsylvania appellate courts as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious, and utterly intolerable in civilized society." *Reeves v. Middletown Athletic Association*, 866 A.2d 1115, 1123 (Pa. Super. 2005). The Pennsylvania Supreme Court has interpreted that to mean that "[a] court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, or oppressive." *Rizzo*, 555 A.2d at 69. Further, the Pennsylvania Supreme Court has held that, in awarding punitive damages, "[t]he state of mind of the actor is vital." *Id.* (citing *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984)). Commentary to Section 908 of the Restatement indicates that punitive damages "are not justified where the defendant's mental state rises to no more than gross negligence." RESTATEMENT (SECOND) OF TORTS §908(2) (Cmt. b).

The Second Amended Complaint does not contain any assertion supporting a claim that Mr. Cooper, Caliber, or LSF9's conduct was "willful and wanton," let alone malicious, outrageous, motivated by evil, or performed with reckless indifference to the rights of others. *See Feld,* 485 A.2d at 747. Likewise, the Second Amended Complaint is devoid of any factual allegations indicating that Mr. Cooper, Caliber, or LSF9's state of mind was motivated by ill-will or rose to a level beyond negligence. In addition, to the extent Plaintiff requests punitive damages for her

breach of contract claim, such damages are not permitted as a matter of law.  *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 402 (3d Cir. 2004) (internal citations omitted) ("punitive damages are not recoverable in an action based solely on breach of contract").

Further, punitive damages are not recoverable in an action solely based upon breach of contract.  *Thorsen v. Iron and Glass Bank,* 476 A.2d 928, 932 (Pa. Super.1984).  *See Standard Pipeline Coating Co. v. Solomon & Teslovich, Inc.,* 496 A.2d 840, 844 (Pa. Super. 1985) (holding "punitive damages will not be assessed for mere breach of contractual duties, where no recognized trespass cause of action ... arose out of the same transaction[.]").

Because punitive damages are not recoverable in breach of contract actions, the claim for punitive damages in Count Two should be dismissed, as should the request for punitive damages in the Prayer for Relief and Wherefore Clauses of the Second Amended Complaint.

**B.      <u>To the extent the Second Amended Complaint is not dismissed in its entirety, Section III of the Second Amended Complaint should be stricken for failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure.</u>**

Section III of the Second Amended Complaint consists of five paragraphs in which Plaintiff appears to respond to arguments made in responding Defendant's prior Motions to Dismiss.  The paragraphs are unnumbered in violation of Rule 10(b) of the Federal Rules of Civil Procedure, which provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Fed. R. Civ. P. 10(b).  Because Section III contains "lengthy, disorganized paragraphs that provide little structure to the complaint," *Mcintosh v. Crist,* No. 13-103, 2014 WL 1233538, at *1 (W.D. Pa. Mar. 25, 2014), making it "unclear what claims are being asserted and what facts relate to each claim" *Rosado v. Lynch,* No. 15-3999, 2017 WL 2495407, at *4 (D.N.J. June 8, 2017), responding

Defendant's respectfully request that the Court strike Section III be stricken from the Second Amended Complaint.

## VII.    CONCLUSION

Despite being provided with leave to file two amended complaints, Plaintiff has yet again failed to plead any entitlement to relief against Mr. Cooper, Caliber, or LSF9.  On its face, it is clear that this litigation is nothing more than Plaintiff's attempt to challenge both (i) her prior counsel's representation during the state court foreclosure; and (ii) the terms of a Loan Modification she executed.  While Plaintiff may have "buyer's remorse," with respect to the Loan Modification, this simply does not support any of the claims she had pled against Caliber, LSF9, or Mr. Cooper.  As Plaintiff has—for the third time—failed to plead any sufficient facts that could premise liability against Mr. Cooper, Caliber, and LSF9, this Court should dismiss the Second Amended Complaint in its entirety with respect to Mr. Cooper, Caliber, and LSF9 with prejudice and without leave to amend, as it is clear that amendment would be futile.

Respectfully submitted,

Date:   July 6, 2020                    By:   _____ */s/ Mary L. O'Rourke* _____
Mary L. O'Rourke
PA ID No. 316392
McGuireWoods LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
T:  412-667-6054
morourke@mcguirewoods.com